# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TAMARA TIPTON,

      Plaintiff,

v.                                                                          No. 1:26-cv-01947-LF

GENESIS HEALTH CARE,

      Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed June 16, 2026, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 16, 2026 ("Application"), and Plaintiff's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d), Doc. 4, filed June 16, 2026.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $2,400.00; (ii) Plaintiff's monthly expenses total $2,300.00; and (iii) Plaintiff has $20.00 in cash and $18.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and her monthly expenses are approximately equal to her monthly income.

**Order Denying Motion for Relief from Automatic Stay**

Plaintiff seeks an order "granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit [Plaintiff] to prosecute employment related claims against the Debtor, Genesis Healthcare." Motion at 1 (stating Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission prior to the commencement of the Debtor's Chapter 11 bankruptcy proceedings but does not indicate which United States Court District or Bankruptcy Court is hearing the bankruptcy case); 11 U.S.C. § 362(a)(1) (stating an automatic stay applies to the commencement or continuation of judicial actions against a debtor that was or could have been commenced before the commencement of the bankruptcy case).

.

The Court denies Plaintiff's Motion for relief from the automatic stay without prejudice. The District of New Mexico has referred "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the bankruptcy judges for the district to the extent permitted by law." *In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules*, Admin. Order, Misc. No. 84-0324 (D.N.M. March 19, 1992) (Burciaga, C.J.). Plaintiff may file her Motion with the United States District or Bankruptcy Court hearing the bankruptcy case. *See* 11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided . . . for cause, including the lack of adequate protection of an interest in property of such party in interest").

**Order to Show Cause**

The Court orders Plaintiff to show cause why the Court should not stay proceedings in this case due to the automatic stay arising from Defendant's bankruptcy case. Plaintiff must identify the court in which the bankruptcy case is proceeding, the bankruptcy case name and the case number.

**Service on Defendant**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause why the Court should not stay this case. The Court will address service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local*

3

*Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

4

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 16, 2026, is **GRANTED.**

(ii)    Plaintiff's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d), Doc. 4, filed June 16, 2026, is **DENIED without prejudice.**

(iii)   Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not stay this case pursuant to the automatic stay arising from Defendant's bankruptcy case.

Laura Fashing
United States Magistrate Judge

5