**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TAMARA TIPTON,

Plaintiff,

v. No. 1:26-cv-01947-LF

GENESIS HEALTH CARE,

Defendant.

**ORDER STAYING CASE AND ORDER FOR STATUS REPORT**

*Pro se* Plaintiff filed a Complaint asserting claims of employment discrimination and harassment. *See* Complaint, Doc. 1, filed June 16, 2026. Plaintiff sought an order "granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit [Plaintiff] to prosecute employment related claims against the Debtor, Genesis Healthcare." Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d), Doc. 4, filed June 16, 2026 ("Motion"); 11 U.S.C. § 362(a)(1) (stating an automatic stay applies to the commencement or continuation of judicial actions against a debtor that was or could have been commenced before the commencement of the bankruptcy case).

The Court denied Plaintiff's Motion for relief from the automatic stay without prejudice because the District of New Mexico has referred "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the bankruptcy judges for the district to the extent permitted by law" and notified Plaintiff she may file her Motion with the United States District or Bankruptcy Court hearing the bankruptcy case *See* Order at 3, 5, Doc. 6, filed July 2, 2026 (quoting *In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules*, Admin. Order, Misc. No. 84-0324 (D.N.M. March 19, 1992) (Burciaga, C.J.));

11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided . . . for cause, including the lack of adequate protection of an interest in property of such party in interest").

The Court ordered Plaintiff to show cause why the Court should not stay proceedings in this case due to the automatic stay arising from Defendant's bankruptcy case. *See* Order at 3-5 (stating Plaintiff must identify the court in which the bankruptcy case is proceeding, the bankruptcy case name and the case number). Plaintiff did not comply with the Court's Order by the July 23, 2026, deadline. The Court, therefore, stays all proceedings in this case.

The Court also orders Plaintiff to file a status report by October 30, 2026. The status report must: (i) must identify the court in which the bankruptcy case is proceeding, the bankruptcy case name and the case number; (ii) state if and when Plaintiff filed a motion in the bankruptcy proceedings to lift the automatic stay; and (iii) include a copy of the order, if any, ruling on Plaintiff's motion to lift the automatic stay.

**IT IS ORDERED** that:

(i) All proceedings in this case are **STAYED.**

(ii) Plaintiff shall, by October 30, 2026, filed a status report, as described above, on the proceedings in the bankruptcy case. Failure to timely file a status report may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge