**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TAMARA TIPTON,

Plaintiff,

v. No. 1:26-cv-01947-SMD-LF

GENESIS HEALTH CARE,

Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff filed a Complaint asserting claims of employment discrimination and harassment. *See* Complaint, Doc. 1, filed June 16, 2026. Plaintiff also sought an order "granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit [Plaintiff] to prosecute employment related claims against the Debtor, Genesis Healthcare." Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d), Doc. 4, filed June 16, 2026 ("Motion"); 11 U.S.C. § 362(a)(1) (stating an automatic stay applies to the commencement or continuation of judicial actions against a debtor that was or could have been commenced before the commencement of the bankruptcy case).

United States Magistrate Judge Laura Fashing denied without prejudice Plaintiff's Motion for relief from the automatic stay because the District of New Mexico has referred "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the bankruptcy judges for the district to the extent permitted by law" and notified Plaintiff she may file her Motion with the United States District or Bankruptcy Court hearing the bankruptcy case *See* Order at 3, 5, Doc. 6, filed July 2, 2026 (quoting *In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules*, Admin. Order, Misc. No. 84-0324 (D.N.M.

March 19, 1992) (Burciaga, C.J.)); 11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided . . . for cause, including the lack of adequate protection of an interest in property of such party in interest").

Judge Fashing also ordered Plaintiff to show cause why the Court should not stay proceedings in this case due to the automatic stay arising from Defendant's bankruptcy case. *See* Order at 3-5 (stating Plaintiff must identify the court in which the bankruptcy case is proceeding, the bankruptcy case name and the case number). Plaintiff did not comply with the Court's Order by the July 23, 2026, deadline.

Judge Fashing then stayed all proceedings in this case and ordered Plaintiff to file a status report by October 30, 2026. *See* Order, Doc. 7, filed July 30, 2026 (stating the status report must: (i) must identify the court in which the bankruptcy case is proceeding, the bankruptcy case name and the case number; (ii) state if and when Plaintiff filed a motion in the bankruptcy proceedings to lift the automatic stay; and (iii) include a copy of the order, if any, ruling on Plaintiff's motion to lift the automatic stay). Judge Fashing also notified Plaintiff that failure to timely file a status report may result in dismissal of this case. *See* Order at 2. Plaintiff did not file a status report or otherwise respond to Judge Fashing's Order by the October 30, 2026, deadline.

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Fashing's Order to file a status report. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with

the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**UNITED STATES DISTRICT JUDGE**